* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

affect the award's integrity. *Woods*, 78 F.3d at 427.

Finally, we reject U.S. Care's contention that the arbitrators failed to order or consider relevant evidence. It is true that the FAA permits a court to vacate an award where arbitrators refuse to "hear evidence pertinent and material to the controversy." 9 U.S.C. § 10(a)(3). But U.S. Care has failed to show what, if any, evidence was contained in third party documents that were not produced at the hearing and, thus, there is no basis for an argument that the arbitrators refused to hear pertinent and material evidence.

AFFIRMED.

**Mayda Nery HUIZA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 01–71547.

INS No. A70–190–057.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 7, 2002.*

Decided Dec. 23, 2002.

Before CANBY, GOULD and BERZON, Circuit Judges.

R.App. P. 34(a)(2).

MEMORANDUM **

Mayda Nery Huiza, a citizen and native of Peru, petitions this court for review of the BIA's denial of her second motion to reopen deportation proceedings. Ms. Huiza's motion to reopen claimed that ineffective assistance of counsel deprived her of her Fifth Amendment right to due process in deportation proceedings. We have jurisdiction under 8 U.S.C. § 1005a(a), as amended by § 309 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, 110 Stat. 3009, 625 (1996). We review for abuse of discretion the BIA's denial of a motion to reopen. *Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1222 (9th Cir.2002). Because the BIA did not abuse its discretion in this case, we deny Mr. Huiza's petition for review. As the parties are familiar with the factual and procedural history of this case, we will only recount it as necessary to explain our decision.

Ms. Huiza alleges that her former attorney prejudiced her claim to asylum relief by withdrawing her asylum application, failing to adequately consult with her about her case, and failing to timely file critical motions in her case. To show a deprivation of due process caused by ineffective assistance of counsel, the alien must show that counsel's ineffective performance prejudiced her. *Rodriguez–Lariz*, 282 F.3d at 1226. Prejudice results when "the performance of counsel was so inadequate that it may have affected the outcome of the proceedings." *Ortiz v. INS*, 179 F.3d 1148, 1153 (9th Cir.1999).

Ms. Huiza has failed to demonstrate that she was ever qualified for the asylum relief that her former attorney's allegedly flawed assistance now precludes. To qualify for asylum, an applicant must demonstrate persecution or a well-founded fear of persecution on account of one or more characteristics: her race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 U.S.C. §§ 1101(a)(42)(A), 1158(b) (2002). Although Ms. Huiza alleges that members of the Shining Path threatened her because she refused to aid their efforts, she has made no allegation—either in her initial asylum application, the documents filed in support of her motion to reopen, or her briefs before this court—that these threats were "on account of" her race, religion, nationality, membership in a social group, or political opinion (imputed or otherwise).

Since Ms. Huiza has failed to allege facts showing that she would meet the "on account of" requirement for asylum, this court must assume these facts do not exist. *See Ortiz*, 179 F.3d at 1153 (finding aliens' asylum claims not prejudiced by ineffective assistance of counsel because "absent any evidence from [petitioners] that they are eligible for asylum, we must assume there is none"). On the basis of the information contained in the record, Ms. Huiza does not qualify for asylum. Therefore, she cannot show that former counsel's allegedly deficient performance prejudiced her pursuit of asylum relief.

Because we find that Ms. Huiza has failed to demonstrate that representation by former counsel prejudiced an otherwise viable asylum case, we need not decide whether the specific actions taken by Ms. Huiza's former counsel fall within the scope of performance this court deems constitutionally ineffective.

For the foregoing reasons, we DENY Ms. Huiza's petition for review.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.